IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORWEGIAN AIR SHUTTLE ASA and ARCTIC AVIATION ASSETS DAC,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY and BOEING COMMERCIAL AVIATION SERVICES EUROPE LIMITED,<br><br>Defendants. | Case No. |

**JOINT NOTICE OF REMOVAL**

Defendants The Boeing Company ("Boeing") and Boeing Commercial Aviation Services Europe Ltd. ("BCASEL") remove this civil action under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has subject matter jurisdiction and the case is removable because there is complete diversity between the properly named defendant, Boeing, and plaintiffs Norwegian Air Shuttle ASA and Arctic Aviation Assets DAC (collectively, "Norwegian"), and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

As a short and plain statement of the grounds for removal, defendants state the following:

1. This action involves breach of contract claims arising out of Norwegian's purchase of aircraft from Boeing and aircraft maintenance services from Boeing and BCASEL. Norwegian claims that defendants have injured Norwegian by failing to deliver aircraft on the schedule and of the quality required under the relevant agreements.

2. On June 29, 2020, Norwegian filed a complaint against defendants in the Circuit Court of Cook County, Illinois, County Department, Law Division, as case number

2020L006904.  A copy of the complaint is attached hereto as <u>Exhibit A</u>.  As of the time of the filing of this Notice of Removal, defendants have not been served with the complaint or any other process, pleadings, or orders.

3. No further proceedings have been had in the state court action.

4. Under 28 U.S.C. § 1446(a), copies of the following documents are attached to this Notice of Removal:

> **Exhibit A:**  Plaintiff's Complaint
>
> **Exhibit B:**  A copy of the docket sheet in the state court action

## I. Removal is proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332.

5. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332(a)(2) and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, between a citizen of a State (Boeing) and citizens of foreign states (Plaintiffs).

### A. The amount in controversy exceeds $75,000.

6. Under 28 U.S.C. § 1446(c)(2)(A)(ii), defendants hereby assert that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Defendants make this assertion in good faith based on Norwegian's alleged injuries.  *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing party therefore only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'") (citation omitted).

7. Norwegian expressly alleges economic losses stemming from Boeing's alleged contractual breaches of over "$1 billion."  Compl. ¶ 263.  Norwegian claims it has "been forced to cancel thousands of flights" because of Boeing's alleged failure to meet its contractual

obligations.  *Id*. ¶ 259.  In addition, Norwegian seeks termination and rescission of its purchase agreements for 110 737 MAX airplanes and an unspecified number of 787 airplanes. Both the 737 MAX and 787 are multimillion-dollar airplanes.

8.     "An alleged amount in controversy satisfies the jurisdictional requirement so long as it is not legally impossible for the claimant to recover that amount in damages on the claim." *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018) (citing *Grinnell Mutual Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012)).  An award of more than $75,000 "is not legally impossible." *Id.*  It is therefore apparent from the face of the complaint that more than $75,000, exclusive of interest and costs, is in controversy in this case.[1]

## B.     There is complete diversity of citizenship because BCASEL is properly disregarded as a defendant.

9.     Complete diversity of citizenship exists between plaintiffs, which are foreign corporations, and the properly named defendant, Boeing, which is a citizen of Delaware and Illinois.  The other named defendant, BCASEL, which is a foreign corporation, is not properly joined, and this Court should disregard its citizenship when determining the Court's subject matter jurisdiction.  *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) ("A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction.").  The fraudulent joinder doctrine allows a district court considering removal "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id*. (citation omitted).  "When speaking of

---

[1] Defendants, of course, do not concede that plaintiffs are entitled to recover more than $75,000, and deny that plaintiffs are entitled to recover any damages.  *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing defendant need not confess liability in order to show that the controversy exceeds the threshold." (omissions).

jurisdiction, 'fraudulent' is a term of art," and does not require a showing of actual fraud. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Rather, to establish fraudulent joinder, the removing party must show that, after resolving all issues of fact and law in favor of the non-removing party, a cause of action cannot be established against the non-diverse defendant. *Id*.

10. In evaluating subject matter jurisdiction in removed cases, courts will routinely disregard the citizenship of parties improperly joined because personal jurisdiction is lacking. *See Villar v. Crowley Mar. Corp.*, 990 F.2d 1489, 1494 (5th Cir. 1993) (upholding subject matter jurisdiction in removal action based on lack of personal jurisdiction over non-diverse defendants), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (en banc), *rev'd*, 526 U.S. 574 (1999); s*ee also Livingston v. Hoffman-La Roch Inc.*, 293 F.Supp.3d 760, 768-69 (N.D. Ill. 2018) (dismissing non-diverse defendant for lack of personal jurisdiction in a removal action, thereby preserving subject matter jurisdiction); *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 164 F. Supp. 3d 1040, 1046 (N.D. Ill. 2016) (similar, dismissing non-diverse plaintiff). As in these cases, BCASEL's citizenship should be disregarded in this Court's evaluation of its subject matter jurisdiction over this action.

11. Under Illinois law, a court must have personal jurisdiction over a defendant for a suit to be maintained against it, and the burden rests on the plaintiff to establish, separately for each defendant, a *prima facie* basis for exercising personal jurisdiction. *See, e.g., R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill.2d 304, 310 (1986). Dismissal of a cause of action is proper under Illinois law where the court lacks personal jurisdiction over the defendants. 735 ILCS 5/2-301. Here, there is no personal jurisdiction over BCASEL in either this Court or the Cook County Circuit Court. Personal jurisdiction over BCASEL is lacking in Illinois as a matter

of federal constitutional due process, as well as under the Illinois constitution and long-arm statute.[2]

12. As pleaded in the complaint, BCASEL is a private limited company incorporated and existing under the laws of the United Kingdom, with its corporate headquarters and principal place of business in London, England. *See* Compl. 24. BCASEL is a subsidiary of Boeing that is located in the United Kingdom to support airline customers in Europe and beyond. BCASEL enters into contractual agreements with airline customers to manage aircraft maintenance and to provide other service such as spare parts planning and supply chain management.

13. BCASEL's contacts with Illinois in relation to this suit are inadequate to establish personal jurisdiction. No allegations in the complaint support personal jurisdiction over BCASEL in Illinois. The complaint alleges only that the Cook County court "has jurisdiction over this action . . . because the action, as it pertains to BCASEL, relates to transactions BCASEL entered into with the Boeing Company." Compl. ¶ 26.

14. The GoldCare contracts are the only contracts referenced in the complaint to which BCASEL is a party. BCASEL has no performance obligations in Illinois under the GoldCare contracts. Chicago and Illinois are not referenced anywhere in those contracts, the contracts were not negotiated in Illinois, and their terms are governed by Washington law.

15. The sole purported jurisdictional "fact" alleged in the complaint is that BCASEL entered into a contract involving another party (Boeing) that is an Illinois resident. That is insufficient to establish personal jurisdiction. A nonresident defendant's contract with an Illinois resident does not establish sufficient minimum contacts to satisfy due process. *Cardenas Mktg. Network, Inc. v. Pabon*, 2012 IL App (1st) 111645, ¶ 36 (citation omitted).

---

[2] BCASEL separately intends to move to dismiss Norwegian's claims against it for lack of personal jurisdiction.

16. Accordingly, BCASEL was fraudulently joined without a good faith basis for personal jurisdiction in Illinois, and this Court should disregard BCASEL's citizenship in evaluating the Court's subject matter jurisdiction over this action.

**C.  There is complete diversity between the proper parties.**

17. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located.  28 U.S.C. § 1332(c)(1).

18. Norwegian Air Shuttle ASA is a public limited corporation, incorporated and existing under the laws of Norway, with its corporate headquarters and principal place of business in Fornebu, Norway.

19. Arctic Aviation Assets DAC is a designated activity company, incorporated and existing under the laws of Ireland, with its corporate headquarters in Dublin, Ireland.  Arctic Aviation is a wholly-owned subsidiary of Norwegian Air Shuttle ASA.

20. The Boeing Company is a corporation incorporated and existing under the laws of Delaware, with its corporate headquarters and principal place of business in Chicago, Illinois.

21. Thus, complete diversity exists between the proper parties.

22. 28 U.S.C. § 1441(b)(2) provides that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Boeing is a citizen of Illinois.  However, Boeing has not been served as of the time of filing this Notice of Removal.  Section 1441(b)(2)'s "home state" bar on removal only applies to defendants that have been "properly . . . served."  *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd nor

fundamentally unfair"); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (holding that the "plain meaning [of section 1441(b)(2)] precludes removal on the basis of in-state citizenship *only* when the defendant has been properly joined and served" and that removal prior to service of the forum defendant "is not so outlandish as to constitute an absurd or bizarre result" (emphasis added)); *D.C. by & through Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 992 (N.D. Ill. 2018) (holding "that the statutory text [of section 1441(b)(2)] must control" and that the statute does not bar removal where a joined forum defendant remains unserved); *Graff v. Leslie Hindman Auctioneers, Inc.*, No. 17-CV-06748, 2017 WL 4864871 (N.D. Ill. Oct. 26, 2017) (holding that where a forum defendant is un-served "[t]he forum defendant rule does not apply here under the plain meaning of [§ 1441(b)(2)]").

**II.     Defendants have satisfied the procedural requirements for removal.**

   **A.     Removal is timely.**

23.     Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within thirty days after receipt of a copy of the complaint through service or otherwise.  Norwegian filed the state court action June 29, 2020.  *See* <u>Exhibit B</u>.  Defendants have not yet been served.  This Notice of Removal is timely.

   **B.     This is the proper venue.**

24.     The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to the Northern District of Illinois pursuant to 28 U.S.C. §§ 93(a) and 1441(a).

   **C.     All other procedural requirements have been met.**

25.     Pursuant to 28 U.S.C. § 1446(d), defendants will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this

action is currently pending. Defendants will also serve written notice of the filing of this Notice of Removal on counsel for the plaintiffs.

26. By filing this Notice of Removal, Boeing and BCASEL do not waive any rights, privileges, or defenses, including defenses related to personal jurisdiction, and does not concede that this is an appropriate or convenient forum for resolution of these claims.

WHEREFORE, defendants Boeing and BCASEL respectfully remove this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, bearing Number 2020L006904, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

- 9 -

                                                            Respectfully submitted,

Dated: July 13, 2020                                By: /s Kathleen A. Stetsko_____

                                                            Eric B. Wolff
                                                            **Perkins Coie LLP**
                                                            1201 Third Avenue, Suite 4900
                                                            Seattle, WA 98101-3099
                                                            Telephone: 206.359.8000
                                                            Fax: 206.359.9000
                                                            Email: EWolff@perkinscoie.com

                                                            Kathleen A. Stetsko
                                                            **Perkins Coie LLP**
                                                            131 S Dearborn Street # 1700
                                                            Telephone: 312.324.8400
                                                            Fax: 312.324.9400
                                                            Email: KStetsko@perkinscoie.com


                                                            ATTORNEYS FOR DEFENDANTS
                                                            THE BOEING COMPANY AND BOEING
                                                            COMMERCIAL AIR SERVICES EUROPE LIMITED.

## Exhibit A

## State Court Complaint

## Exhibit B

## State Court Docket Sheet